## Bozman *et al. v.* Brower.

Where writs under the statute are directed to different counties, a return of 'executed' will apply only to those defendants resident in the county where the writs are executed, when it appears from the endorsement on the writs that the command to the sheriff was only to execute upon the defendants in his county.

An acknowledgment of service of process, written on the process by the defendant, must be proved, or a judgment by default will be erroneous.

IN ERROR from the circuit court of the county of Copiah.

Work & Moorhead, for plaintiffs in error,
Cited 1 Howard, 106; 1 Bibb, 487; 2 Howard, 805; 3 J. J. Marshal, 432; 3 Monroe, 205; 2 Bibb, 596; 5 Howard, 295.

Thrasher, contra.

Opinion of the court by Mr. Justice TURNER.

Case, on a joint and several promissory note, against four persons, viz: J. Bozman, T. Bozman, A. Robinson and J. M. Robinson, two residing in Copiah, and the other two in Hinds county, and writs of capias ad respondendum issued, according to the statutes, to those counties. The sheriff of Copiah received and returned the writ directed to him, with the following endorsements, viz:

"Received 30 March, 1838.

"I acknowledge the service of this writ, April 9, 1838.

"ASA ROBINSON.

"I acknowledge the service of this writ, and waive the right of requiring a copy hereof. April 9, 1838.

"JESSE M. ROBINSON.

"The other defendants are not found in this county. April 12, 1838.

"THOS. HOLLIDAY, Sheriff."

Bozman *et al. v.* Brower.

The sheriff of Hinds county, to whom the duplicate was issued returned the same with the following endorsements, to wit:

"Received April 2d, 1838.   Executed April 14, 1838."

The clerk who issued those writs, endorsed on the latter writ, after setting out the cause of action in the usual manner, the words following, to wit:

"This writ is to be served on the defendants, James Bozman and Thomas Bozman, and returned, as there is a writ in the hands of the sheriff of Copiah county for the same cause of action of this writ, to be served on the other defendants.

(Signed)                    WM. BARNES, Clerk."

The declaration having been filed at the time of issuing those writs, viz: on 26th March, 1838, no further proceedings were had, in court, until May term, 1839, when judgment by default final was taken against all the defendants, for the amount of the note sued on, and interests and costs.

This writ of error is sued out, and the following errors are assigned, in substance, as follows, viz: That the court erred in giving judgment against all the defendants, when there was no service of process as to the two Robinsons; that it was error to render judgment against two when there was no discontinuance as to the others, &c.

The principal question which arises from the above state of the facts, is, whether there is sufficient evidence of the service of the writ on Robinson and Robinson.   If this writ was not served, the judgment is clearly erroneous.

The general return, "executed," made by the sheriff of Hinds county, has reference to the two Bozmans, and cannot be construed as a service upon the two Robinsons, as the sheriff was specially instructed to serve the writ on the two Bozmans, and informed that another writ for the same cause of action, to be served on the other defendants, was in the hands of the sheriff of Copiah county, the county in which the suit was instituted, and to the circuit court of which county the process was returnable.   Hence it appears that only two of the four defendants in the action were served with process.   We do not consider that the return on the writ which was in the hands of the sheriff of Copiah, is sufficient to show service on the Messrs. Robinsons.   The sheriff does not

Bozman *et al. v.* Brower.

state in his return that it was so served, and this is a fact which cannot be inferred. The Robinsons appear to have "acknowledged service," by their signatures appearing on the writ. But there is no evidence that they *did* acknowledge the service. The sheriff does not say so, and, according to the adjudged cases in 1 How. 106, and 5 How. 295, the evidence of service is not sufficient.

The plaintiff below having taken judgment by default final against all the defendants, when two only were served with process, the judgment must be reversed, and the cause remanded for further proceedings in the court below.